UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| SANDY SMITH, JR. | CIVIL ACTION NO. 09-cv-0141 |
| VERSUS | JUDGE STAGG |
| STEVE PRATOR, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Sandy Smith, Jr. ("Plaintiff") is a self-represented person who is detained at the Caddo Correctional Center. He alleged in his complaint filed in 2009 that he was a pretrial detainee. His complaint, its lengthy exhibits, and other submissions set forth numerous allegations of allegedly wrongful confinement for rule violations or other reasons, retaliation for filing grievances, unsatisfactory resolution of grievances, overcrowded and unsanitary conditions, and the like. Plaintiff named as defendants Sheriff Steve Prator and nineteen of his deputies. Plaintiff's complaint asks the court to relieve Plaintiff of what he perceives to be cruel and unusual punishments and award him $2,000,000 in damages.

Defendants filed a Motion to Dismiss (Record Document 49) that raised the defense of qualified immunity and attacked the complaint for failure to allege facts on which relief may be granted. In assessing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. See In re Katrina Canal Breaches Litigation, 495

F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)).

A more demanding standard applies when an individual defendant invokes qualified immunity, which protects him from claims for money damages unless the facts alleged, taken in a light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right that was clearly established at the time of the violation. See Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). In a Rule 12(b)(6) contest, that means the plaintiff must point to portions of his complaint "that state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994).

Plaintiff responded to the motion with a request for appointment of counsel. That request was denied, but the court afforded Plaintiff approximately two additional weeks to respond to the motion. Approximately six weeks after the motion was filed, and two weeks after the extended deadline expired, Plaintiff has yet to file a memorandum in opposition.

He did recently file a **Motion to Intervene (Record Document 57)** in which he asks the court to intervene because he has allegedly been able to visit the law library only once since the extension of time was granted, and that is said to have been for only about one and a half hours. Plaintiff asserts that this makes it impossible for him to respond to the motion. As is his wont, Plaintiff has filed a grievance to gain more access to the library. The Motion to Intervene is **denied**. The court cannot delay the resolution of this case indefinitely until Plaintiff receives what he believes is satisfactory access to the library. Plaintiff's history of grievances about every aspect of his confinement, including grievances about grievances, suggests that he may never be satisfied with anything.

The Motion to Dismiss makes a prima facie showing that the claims asserted in the complaint are conclusory, fail to state a claim on which relief may be granted, or do not overcome the qualified immunity defense. Plaintiff has been given more than a reasonable opportunity to respond to the motion, but he has not done so by pointing to those portions of his complaint that he believes state with factual detail and particularity the basis for a claim of a violation of a clearly established constitutional right. Meeting that burden should not require extensive use of a law library. Under the circumstances, the **Motion to Dismiss (Record Document 49)** is **granted**. A judgment will be entered dismissing all claims against all defendants.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of September, 2012.

JUDGE TOM STAGG